UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | SA-22-CR-366(4)-OLG |
| | § | |
| FELIPE ORDUNA-TORRES, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant's Motion to Suppress Confession. (Docket Entry 275.) This motion was referred to the undersigned for consideration (*see* Text Order Dated Aug. 12, 2024), and a hearing was held on the motion on September 30, 2024. For the reasons set out below, and as agreed to by the parties at the hearing, the motion is **DISMISSED AS MOOT IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

In his motion, Defendant contends both that his confession was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and that it was involuntary. At the hearing, the Government stipulated that it would not seek to admit the confession in its case-in-chief, but instead would introduce the confession, if at all, in rebuttal as impeachment to testimony by Defendant. This stipulation effectively renders the *Miranda* issue moot. *See Harris v. New York*, 401 U.S. 222 (1971) (statements obtained in violation of *Miranda* may be introduced to impeach defendant's credibility, so long as jury is instructed not to consider them as evidence of guilt).

As to the issue of voluntariness, however, the motion is not moot. While statements obtained in violation of *Miranda* are admissible for impeachment "if their 'trustworthiness . . . satisfies legal standards,'" any use at trial "against a defendant of his involuntary statement is a denial of due process of law." *Mincey v. Arizona*, 437 U.S. 385, 397–98 (1978) (quoting *Harris*,

401 U.S. at 224).   Accordingly, if Defendant's confession is offered by the Government, even for impeachment, Defendant would be entitled to a court determination of voluntariness, including the resolution of any disputed facts.   *Jackson v. Denno*, 378 U.S. 368, 390–91 (1964).

At the conclusion of the hearing, it was not clear that the Government would seek to offer Defendant's confession at all, even for impeachment purposes.   As such, and in light of the impending trial date, the parties agreed that, if the Government should seek to introduce Defendant's confession as impeachment evidence, Defendant would be entitled to seek an evidentiary hearing and a court ruling outside the presence of the jury as to the voluntariness of the confession, either during trial or by way of post-trial motion.   Accordingly, Defendant's motion to suppress based on the alleged involuntariness of his confession will be denied without prejudice to seeking the appropriate relief at trial or thereafter, should the Government seek to introduce the confession.[1]

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion to Suppress Confession (Docket Entry 275) is **DISMISSED AS MOOT IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.[2]

---

[1] Of course, if the confession is introduced, Defendant may also seek to present the issue of voluntariness to the jury. *See* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL) Inst. No. 128 (2024).

[2] Because the Court's ruling does not resolve the merits of Defendant's motion to suppress, the undersigned finds it appropriate to issue a ruling on the motion by way of an order, under 28 U.S.C. § 636(b)(1)(A), rather than "proposed findings of fact and recommendations for . . . disposition" under 28 U.S.C. § 636(b)(1)(B).Should either party believe that § 636(b)(1)(B) applies, they may treat this Order as a report and recommendation and object in accordance with the statute.

It is **FURTHER ORDERED** that an expedited transcript be prepared of the September 30, 2024, hearing in this matter.

**SIGNED** on September 30, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge