UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA          )
                                  ) Case Number
vs.                               ) SA:22-CR-00366-OLG
                                  )
FELIPE ORDUNA-TORRES(4) and       )
ARMANDO GONZALES-ORTEGA(7),       ) San Antonio, Texas
Defendants.                       ) October 28, 2024
*******************************************************

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE HENRY J. BEMPORAD
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:
FOR THE GOVERNMENT:
Sarah E. Spears
Eric Fuchs
Assistant U.S. Attorneys
United States Attorney's Office
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216
(210)384-7100
sarah.spears@usdoj.gov; eric.fuchs@usdoj.gov


FOR THE DEFENDANTS:
Edgardo Rafael Baez
Attorney at Law
700 N. St. Mary's Street, Suite 1400
San Antonio, Texas  78205
(210)901-5236; edgar@erbjrlaw.com


COURT RECORDER:  FTR GOLD
SPANISH INTERPRETER:  Iris Farias
TRANSCRIBER:
Angela M. Hailey, CSR, CRR, RPR, RMR
Official Court Reporter, U.S.D.C.
262 West Nueva Street
San Antonio, Texas  78207
Phone(210)244-5048; angela_hailey@txwd.uscourts.gov

Proceedings reported by electronic sound recording, transcript
produced by computer-aided transcription.

*(October 28, 2024, 2:38 p.m.)*

                              \*   \*   \*

COURT SECURITY OFFICER:  All rise.

THE COURT:  Good afternoon, please be seated.  Calling case number SA:22-CR-366, United States of America versus defendant number four, Felipe Orduna-Torres and defendant number seven, Armando Gonzales-Ortega.  Let me get announcement of counsel please, starting with counsel for the government.

MS. SPEARS:  Good afternoon, Your Honor.  Sarah Spears and Eric Fuchs on behalf of the United States.

THE COURT:  Good afternoon.

MR. BAEZ:  Good afternoon, Your Honor.  Dr. Baez on behalf of both defendants.

THE COURT:  Good afternoon to you as well.  We're set today on a couple of matters.  Recently had a hearing with the parties in Mr. Orduna's case, if I'm remembering correctly, on a motion to suppress confessions.  This was right on the eve of trial and I issued an order dismissing as moot part of that motion and denying without prejudice the other part.  The part that was remaining was the question of the voluntariness of Mr. Orduna's statement at the time he was arrested.

Since that time, the parties went before Judge Garcia for a pretrial hearing, as I understand it, and at that hearing the defense said, *Look, it's our intention to present I think both defendants for testifying,* that this then opened the

question of whether the prior statement by Mr. Orduna would be actually admitted into court and there's the question of voluntariness. This was the question that was still remaining in the case that I did not address because we didn't know if that statement was going to be admitted or not. So based on those representations from defense, Judge Garcia recommitted this matter to me to do findings and recommendations with regard to the issue of voluntariness.

This also raised another issue because both defendants or the indication that both defendants would testify, the government renewed a motion for an inquiry into Dr. Baez's joint representation of both defendants because of the potential for conflict. The judge also referred that to me to consider as well. I think that's where we are right now and of course the last thing the judge did was set the trial off so we have some time to address these issues, not on the very, very short timeframe we were in before.

If I'm getting this right and that's where we are, I think the first thing I need to address is this question of the conflict and then turn to the question -- I'll hear from the parties as to what additional information they want to present to me on the question of the voluntariness, the remaining voluntariness issue in the motion to suppress. So let me check and see if I've got it right, having looked at the pleadings and understanding where we are I'll start with the government.

MS. SPEARS:  Thank you, Your Honor.  Yes, that is correct.  I would just add to that that at the last hearing the Court ordered that the Miranda issue is moot, and part of that was because of the fact that we were on the eve of trial, as the Court indicated.  We, as the government, still do not intend to bring Mr. Orduna-Torres's post-Miranda statement into our case in chief and so that still remains the same.  However, we would like a ruling on the Miranda issue in addition to the voluntariness issue I think for judicial efficiency in the sense that voluntariness does take in effect certain factors that Miranda would as well, and because trial is not until January 27th, I think it maybe just makes sense to go ahead and have a ruling on the Miranda issue along with the voluntariness issue.

THE COURT:  But if I'm getting I guess -- let me put that aside.  Let me deal with the conflict issue first, but it sounded like when you say the Miranda issue, this would be a part of the voluntariness analysis.

MS. SPEARS:  Correct, Your Honor.

THE COURT:  I think I understand that, but let me deal with the other issue first.  Doctor, let me turn to you, sir.  Did I get the proceedings right from the defense perspective?  And I would assume that you agree with me that we've got to get this question of a conflict out of the way before we can go forward on anything else.

MR. BAEZ: That is correct, Your Honor. And since that time, I had plenty of time to speak to my clients and our trial strategy has shifted, it has changed. Again, as you litigate a case, there are some things that you do, you move some parts, and as of right now, none of the defendants will be testifying, Your Honor, they just won't be. There's no issue in relation to that. Same 44 ruling that we had applies to them, you can ask them the questions. We're not presenting them in the trial in chief, it's just we're not.

THE COURT: All right. Okay. Thank you. I'm going to go around the room. Let me go back to the prosecution. I think we already had a Rule 44 hearing that the big thing that was changed was this danger of testimony. It's a big issue, especially when -- I will be frank because there is one person who has a confession, and in that circumstance the desire to use the confession for one defendant and the desire to suppress the confession for another could lead to a conflict. That would be the sort of thing that would be of concern to the Court. But if they're not -- if having talked about it for strategic reasons they're not going to testify, does this issue arise and does the motion to suppress arise in any way? So let me start with the conflict issue and then we'll try to figure out the voluntariness issue, and I'll be happy to hear from either of the prosecution counsel.

MR. FUCHS: Yes, we've kind of split up the--

THE COURT:  That's totally fine, totally fine.

MR. FUCHS:  So, I think I took from the Court is kind of the inquiry of whether we still need to go forward on the waiver issue or we're still asking if that go forward?

THE COURT:  Yes, well, there already was a waiver, it was found to be knowing and voluntary.  Wasn't there already --

MR. FUCHS:  Yes, there was a waiver, it was back in late August or early September of 2023.

THE COURT:  Okay.

MR. FUCHS:  The Court, Judge Chestney inquired of each defendant individually and followed all the questions and advised them of the actual and potential for conflict.  You know, we were of the opinion then and are of the opinion now it was a waivable conflict, but as we expressed then, there's a lot of pitfalls of dual representation.  I think the Court described both of those and all of those with each defendant individually.

THE COURT:  Is it your view, then, that there needs to be more done on it?  It doesn't sound like the circumstances have changed after all, but I'm happy to hear you.

MR. FUCHS:  But it's the wording that was used, right? *"As of right now, none will be testifying."*  The fear from the United States is trial strategy changes and we know we can't bind them to that decision.  We're certainly not asking the Court to bind them to make a decision today on whether to

testify or not.  I don't think they can fully make that decision until after the United States has rested its case, and after they've heard all the evidence and then can knowingly make it.  But if at that point that decision changes because of the evidence that comes out or trial strategy changes, we just wanted to make sure that there is a clear record well before trial that that is a knowingly and voluntary waiver despite all the pitfalls, and I don't know if the Court wants to do that individually with the defendants or together.

There's one additional kind of fact that I kind of wanted to raise that changed since the initial Garcia hearing. It also really only comes into play should a defendant testify, but I really need to approach the Court, with counsel would be fine, to kind of get into that given both defendants are still present.

THE COURT:  That would be an issue having to do with this conflict question.

MR. FUCHS:  Yes.

THE COURT:  All right.  Before I hear on that one, on this question of the testimony point, you started, Mr. Fuchs, by saying you still believe that with proper admonition to the defendants that any conflict could be waived.  And so what I think the government is asking me to do is to go over this particular issue as to testimony and then whatever other issue you needed to address at the bench if necessary, but go over

this particular issue as to testimony with the defendants to make sure they understand and still affirm that they'd like Dr. Baez to represent them both.

MR. FUCHS:  Yes, Your Honor.

THE COURT:  All right, very well.  With that understanding, that all makes sense to me.  I can go over that issue with the defendants, but I'd like to hear what this other concern you might have and I'm happy for the attorneys to approach.

*(Bench conference, inaudible, 2:47 p.m.)*

\*   \*   \*

*(Bench conference concluded 2:50 p.m.)*

THE COURT:  I thank counsel for clarifying where we are.  Now I need to talk to Mr. Orduna and Mr. Gonzales about -- yes, please, if you would put on your headsets, I need to talk to each of you gentlemen about what the attorneys have been talking to me about, this possibility of a conflict for both of you being represented by the same lawyer.  And so to do this, I need to ask you a few questions because this is a conflict that you can give up, but you have to do it knowingly and voluntarily, a potential conflict that you have to waive knowingly and voluntarily.  To do this, I'll need to ask each of you gentlemen a few questions about this issue and so I'm going to ask my courtroom deputy to place you under oath at this time.

COURTROOM DEPUTY CLERK:  Raise your right hand please.

* * *

*(Oath administered and defendants, FELIPE ORDUNA-TORRES and ARMANDO GONZALES-ORTEGA sworn.)*

* * *

THE COURT:  Gentlemen, first question I always ask when I'm getting information from a defendant, I want to make sure that they're understanding the proceedings, so let me ask each of you this, whether currently you're suffering from any physical ailment or take any sort of medication, have any sort of physical or mental condition or are under the influence of drugs or alcohol at this time?  Anything like that that might make it difficult for you to understand me today?  Any problems like that, Mr. Orduna?

THE DEFENDANT:  No.

THE COURT:  Or you, Mr. Gonzales?

THE DEFENDANT:  No.

THE COURT:  Let me ask counsel, any doubts as to the competency of either of your clients?

MR. BAEZ:  No, Your Honor.

THE COURT:  All right, very well.  Now, gentlemen, you've already had a hearing about this issue before, before Judge Chestney, and she went over with you the dangers, the potential conflict that can come from having one lawyer represent both of you.  And this comes from the idea under the

Sixth Amendment of the United States Constitution, that you have a right to have an attorney who is only representing your interest and not representing the interest of another.  And there are many conflicts that can come up from having someone represent two people at the same time.  The one I want to speak about today is the one that was mentioned by the U.S. attorney, a particular one in this context and it is the issue of testimony.  You heard from your attorney that you do not intend to testify at trial, but you have the right to make that decision.  In fact, it's one of the three decisions that the defendant makes, not the attorney.  They make the decision whether or not to plead guilty or not guilty.  They make the decision whether or not to testify, and they make the decision whether or not to appeal.  These are the three extremely important decisions that each of you gentlemen will make in your case.  When it comes to the issue of testifying, there is a danger of conflict in your case and this is why.  If one of you testifies but the other one doesn't testify, it can convey -- the jury will be instructed that that can't be held against someone not testifying, but it makes for a difficult situation for your attorney to advise you because of the impact it might have on the jury.

Additionally, if one of you testifies, as a lawyer for a co-defendant, they would have the right to question you, but in this case, your co-defendant, your lawyer represents both of

you, and so questions that they might ask of either one of you, that the lawyer might ask of either one of you that could benefit either one of you, well, Dr. Baez would not be able to ask those questions because he's representing you both, and so he could have a conflict as to the sorts of questions he might ask.  Similarly, the government would ask you questions if you were to testify and he might want to object to some questions on behalf of one defendant, but not want to object to the questions on behalf of the other, and again this could place him in a conflict.  So these are some of the many ways that a lawyer representing two people might have a conflict of interest in representing both those defendants at the same time.

Do you understand the potential conflict that I'm describing to each of you gentlemen?  Mr. Orduna, do you understand?

THE DEFENDANT:  Yes.

THE COURT:  How about you, Mr. Gonzales, do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Let me check with counsel because I want to make sure I'm covering what their greatest concerns are. I'll start with the counsel for the government.  Was there an additional concern you had about the issue of testimony which seems to be the additional issue I needed to address today,

Mr. Fuchs?

MR. FUCHS:  I think related into that would be the potential impact on the decision whether to testify and whether, you know, if they choose not to, in order to avert the conflict and that that shouldn't play really a role in their decision.

THE COURT:  I mentioned that, I thought, but I'm going to mention it in more detail.  This is the issue that the prosecutor is talking about, gentlemen.  When you make this very important decision whether or not to testify at your trial, you want the counsel, you want the advice of an attorney who is only representing your interests.  The danger here is that Dr. Baez would be representing two gentlemen at the same time and you would have this potential conflict that maybe he's not representing just your interest in advising you as to whether or not to testify.  This is the other part of this conflict that could arise by being represented by the same attorney at trial.  Again, do you understand, Mr. Orduna?

THE DEFENDANT:  Yes.

THE COURT:  And you, Mr. Gonzales?

THE DEFENDANT:  Yes.

THE COURT:  Dr. Baez, I'm trying to protect your interests as well here, sir, in representing these gentlemen properly.  Do you have any additional issues that you'd like me to inquire of at this time?

MR. BAEZ:  No, Your Honor.

THE COURT:  All right, very well.  Knowing all the things that I've described to each of you gentlemen about the potential conflict in this case, Mr. Orduna, would you still wish to have Dr. Baez represent you in this trial?

THE DEFENDANT:  Yes.

THE COURT:  All right.  And to the extent that there is a conflict of interest between you, him representing you and him also representing Mr. Gonzales, do you give up and waive that conflict at this time?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Gonzales, same questions, sir.  Knowing everything that I've described to you, do you still wish Dr. Baez to represent both you and Mr. Orduna at the same time?

THE DEFENDANT:  Yes, sir.

THE COURT:  To the extent there is a conflict that arises, do you knowingly waive that conflict at this time, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right, very well.  Anything further that you'd like me to address, Mr. Fuchs?  I think Judge Chestney addressed all the other many issues.

MR. FUCHS:  I think she did, but Judge, just maybe along with the typical Rule 11 procedures, to the extent the Court could offer them the chance to ask the Court any

questions --

THE COURT:  Yes, that's a good point.

MR. FUCHS:  Or to get a narrative response to the extent possible.

THE COURT:  That's fine.  What the prosecutor pointed out, and you will see this in the case law as well, in having this discussion with each of you gentlemen, it's always the best practice for me to ask you whether you had any comments or wanted to describe anything else about the case that you would like me to know with regard to Dr. Baez and why you would want him to represent you even because of the -- even despite this conflict.

Let me start with you, Mr. Orduna.  We've already discussed the potential conflict, you said you still want Dr. Baez to represent you.  Can you describe to me a little bit why you are more comfortable with having him as your attorney even though there's this potential conflict?

*(Defendants speaking through Spanish interpreter.)*

THE DEFENDANT:  Well, I'm not sure how to say it, but I trusted Mr. Baez that he is doing a good job and that he's going to represent me well.

THE COURT:  All right.  And he's discussed all these conflicts with you before already, you've already had discussions with him about these issues?

THE DEFENDANT:  Yes.

THE COURT:  Very well.  Same question for you, Mr. Ortega.  Can I hear from you?  Can you tell me whether you really want Dr. Baez to continue to represent you despite all the issues that we've discussed?

THE DEFENDANT:  Yes.

THE COURT:  And do you have any concerns, any worries about the situation at all?  Worries about him continuing to represent you?

THE DEFENDANT:  No, it's fine.

THE COURT:  Can you tell me why you would like him to continue to represent you in this situation?  In the situation you find yourself in today?

THE DEFENDANT:  I have faith, first of all, in him.

THE COURT:  Very well, thank you.  I don't know, Mr. Fuchs, if that covered all the issues that you might want to describe, but I'm doing my best to get that information out.

MR. FUCHS:  Thank you, Your Honor.

THE COURT:  Very well.

MR. BAEZ:  If I may add, Your Honor.  I believe both of them said that I was a very good looking guy, just for the record.

THE COURT:  Well, there's a credibility issue that you don't want me to raise.  No.  In light of the statements from the defendants, I believe that Dr. Baez can represent both of them at trial even with the potential conflict that could be

raised particularly by the decision whether or not to testify at that trial. So, I think that's all I need to do on the motion, the motion for inquiry is granted and I've made the inquiry and I think I've made the record.

Turning now to the remaining voluntariness issue, I'm a little flummoxed as to what to do on that issue as well because, both here at the bench but also in open court, defense counsel made it very clear that the defendants do not intend to testify at trial for a variety of reasons. And I understand from the government they do not intend to introduce Mr. Orduna's testimony as part of -- or statement as part of their case in chief. So if they don't put it in the case in chief and the gentlemen don't testify, it can't come in at all and if it doesn't come in at all, there's nothing to suppress. It's a difficult situation to be doing a full additional hearing, additional briefing and additional report and recommendation and order from the Court on something that's never going to happen. So I'm not sure exactly how to proceed on this matter. I will tell the parties, if I was the District Judge in this case, I wouldn't be hoping to get this hearing. I'd say if that comes up, that will be something we deal with at trial, but I'm in a different situation. I'm in the position of making recommendations to Judge Garcia, so I need to hear from the parties.

The first place to go, and this of course is with

M O T I O N   H E A R I N G                17

defense because they're the ones who filed the motion, let me turn to you, doctor, you've indicated that your clients are not going to testify.  Does that mean you're able to withdraw this motion at this time?  Because it would not be -- the statements will not come in unless they testify.

MR. BAEZ:  So if they don't come in, Your Honor, we withdraw that motion.

THE COURT:  All right, very well.  Let me confirm though, I'll confirm, doctor, whether they won't come in.  There's before me the motion is being withdrawn unless the prosecution is intending to introduce Mr. Orduna's statement in part of their case in chief.  If not, the motion is withdrawn and that will resolve the issue.  Ms. Spears, and I guess this is your part of the hearing, let me hear from you.

MS. SPEARS:  Yes, Your Honor.  No, the government does not intend to bring in Mr. Orduna-Torres's post-Miranda confession in our case in chief.  It was only if one of them were to testify or if Mr. Orduna-Torres were to testify, it would be used for impeachment.

THE COURT:  Very well.  In that circumstance, then, the motion is withdrawn and that resolves that issue as well.  I think that's everything that we have to take care of today.  Let me just check if the parties have anything else we need to address.  I'll start with you, Mr. Fuchs, if there was anything else from the government.  Y'all are free to consult.

*(3:02:53 p.m.)*

                              \*   \*   \*

*(3:03:43 p.m.)*

MR. FUCHS:  We've stated our intention as far as case in chief goes and which kind of addresses the Miranda issue. The voluntariness issue is still out there, again for rebuttal purposes or should they testify, again which they've brought up, it's still kind of looming out there.

THE COURT:  There was an "or" that I need to hear on. Because what Dr. Baez says is he's withdrawing the motion to suppress which resolves the issue.  But "or" is tricky because the reason the "or" sounds like if you're putting on rebuttal evidence not in rebuttal to their testimony but for some other reason that you might put this evidence in.  If that's so, then this issue is still alive because the basis upon which the motion to withdraw -- the withdrawal of the motion to suppress was that they're not going to testify.  Is there some other basis -- are you thinking you're putting in this statement for some other rebuttal purpose besides rebutting their testimony?

MR. FUCHS:  It's hard to say that with certainty because we don't know what defense case is going to come out. I think the chances that we use the statement are slim.  Again, we're in this hypothetical position where we're trying to predict what's going to happen at trial where we've responded to a motion saying it's not voluntary, there was Miranda

violations, we've put on testimony in support in saying we don't think -- we think Miranda was proper and we think the statement was voluntary, we've briefed the issue, and so I do kind of worry about it from a judicial economy perspective and in kind of a wavering defense perspective.  You know, we had the *We're not going to do it, we're going to do it.*  I think the Court heard last time, *Well, I'm going to need to cross-examine witnesses with the potential about the statement.*  I'm going to try to keep some of that out, I don't think it's relevant, but given the wavering defense characteristics of where this trial may go, it puts us in a less than ideal situation of we've already done all the --

THE COURT:  The work that you need to do.  I will mention, Mr. Fuchs, I might need a little more testimony on the voluntariness issue.  But putting that aside, judicial economy also involves my work.  You're asking me to do a ruling on something that will never happen and you can't tell me the way it would happen.  Are you going to put this in in rebuttal in some other way?  How will this rebut any other testimony?  These gentlemen will not testify.  Is there something else that you're concerned about?  Tell me the situation that might apply.  Talk about wavering, I need to know.  Can you tell me, if these gentlemen don't testify, are you going to put it in or not?  Are you going to say, *No, I can't tell you that, there might be some other way.*  Tell me how.  What are you imagining?

MR. FUCHS:  I'm not sure, I can't point the Court right now to a specific instance, I can't, and that may be where we're at.  I get that that's frustrating.

THE COURT:  I mean, defense is entitled to say, *Do you intend to use the testimony.*  As part of the remainder of the motion to suppress, I understood that your statement was you didn't intend to, except in this one narrow circumstance.

MR. FUCHS:  Right.  We've already taken a significant step in saying, *Hey, we're not going to use this statement* to kind of negate the issue in the first place.  Right?  That was certainly something that we didn't have to do to bind ourselves on trial strategy ahead of time, to let them know where we're going ahead of time.  We've done that.  But we're facing a moving obstacle on the defense side that we don't know where it's going to go.  We've heard three different things in the last three hearings we've been about defense perspectives.

THE COURT:  My problem with that is if you tell me you're not going to use it for rebuttal, the motion is withdrawn and that solves that problem.  They've no longer moved to suppress.  We're done.  But if you can't tell me that, well, then they shouldn't withdraw the motion because that would be the basis upon which they would withdraw the motion.  If the motion is withdrawn, there isn't any more wavering going on, the motion is withdrawn, it's done.  That's why I'm asking the question.  Am I going to be -- a motion that's poised to be

withdrawn, what you're saying is *No, Judge, you need to make a ruling on that, do a full report and recommendation subject to objections and have the judge consider that.*

MR. FUCHS:  I guess the alternative is in the slim case that it does come up, then we would just need to raise that and address that at that point and make that in due course at that time.

THE COURT:  I'm still -- yes, the slim chance that you can't articulate how it might happen.  Is it like in response to Mr. Orduna's wife testifying?  I don't even know what we're talking about.  That's my concern.

MR. FUCHS:  I understand.

THE COURT:  Okay.  All right.  Going back to you, doctor, you see what my concern is?  This seems like there's not anything to suppress if they're not going to use it, but I'm a little hard pressed to see how to approach.

MR. BAEZ:  That's my understanding, Your Honor.  The reason we've withdrawn is because there is no issue, it's a moot point.  I can't envisage what the prosecution is trying to do, but I know that it's hard work, but as for me, we're not wavering.  The clients are not going to testify, we're withdrawing the motion because it doesn't apply to them.

THE COURT:  Okay.  Well, given that -- were you about to say something, Ms. Spears?  I'm happy to hear from you.  I saw a moment of maybe you wanting to stand up.  I'm flummoxed

because I'm also in this situation.  I'm happy to hear from the counsel as to what the appropriate --

MS. SPEARS:  Just briefly, Your Honor.  I know, as Mr. Fuchs stated, our hearing before Judge Garcia when the trial was initially set for October 21st, the defense did indicate that they wanted a voluntariness hearing and that's why the trial was moved until the end of January.  And in that indication to Judge Garcia, defense did note that they wanted a ruling on that voluntariness issue because he wanted to be able to cross-examine witnesses on the defendant's post-Miranda statement.  And again, I don't know how he would be able to do that if that post-Miranda statement isn't in the case in chief, so I guess is defense avowing to the Court that despite defense noting that to Judge Garcia that they wanted a voluntariness decision because he wanted to cross-examine government's witnesses on his client's statements, are they now avowing to the Court that he doesn't plan to cross-examine?

THE COURT:  Well, if he cross-examines his own statement, he's opening the door to otherwise inadmissible evidence.  If he wants to do that, he can do it.  I can't imagine why anyone would want to do that, but you would be opening that door.  I think that solves that problem.

MR. BAEZ:  Just to ease their mind, my last federal trial, and I think four indictments, not guilty.  I think I know what I'm doing.  I'm not going to do that, Your Honor, I'm

not going to open the door.  I will not cross-examine anybody in relation to the statement that is not even part of the record, just I won't do that.

MS. SPEARS:  Okay.

THE COURT:  I'm making the best record I can on this issue.  I've got statements from counsel directly on the issue.

MS. SPEARS:  I appreciate it, Judge.  And in the Court's order, I guess it will state that the defense has withdrawn their motion.

THE COURT:  Yes, the motion is going to be denied as withdrawn, but I'll make it clear what the statements of counsel were, just like I tried to do in the last order too, try to make it clear so everybody remembers where we were as opposed to having to piece through the transcripts to try to figure it out.  All right, very well.  Okay.  I think I know where we are.  I hope that that's all there will be on this particular issue and we can get to the merits of the case at its trial setting in January.

The Court will issue in a short written order denying the motion to suppress as withdrawn, explaining the circumstances of the withdrawal and also for the reasons I've already said, allowing Dr. Baez to go forward representing both defendants, and so hopefully I'll capture that in a written order.  Look, it's a little bit of a complex situation, if there are questions about the written order, please seek

clarification from the Court.  That concludes proceedings at this time.  We're at recess.

COURT SECURITY OFFICER:  All rise.

*(3:12 p.m.)*

\*    \*    \*

* * * * *

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

I further certify that the transcript fees and format comply with those prescribed by the Court and the Judicial Conference of the United States.

Date: November 13, 2024


 /s/ Angela M. Hailey
_____
Official Court Reporter
United States District Court
262 West Nueva Street
San Antonio, Texas  78207
(210)244-5048